1 F.3d 1234
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marvis D. JACKSON, a/k/a BoBo, Defendant-Appellant.
 No. 92-5665.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: July 16, 1993.
Decided: July 30, 1993.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.
 Roger D. Curry, MCLAUGHLIN & CURRY, for Appellant.
 William A. Kolibash, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, for Appellee.
 N.D.W.Va.
 AFFIRMED.
 Before NIEMEYER, HAMILTON, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Marvis D. Jackson was charged in five counts of a thirty-one count indictment charging drug offenses and pled guilty to one count of aiding and abetting in the distribution of crack, 21 U.S.C.A. Sec. 841 (West Supp. 1993), 18 U.S.C. Sec. 2 (1988). He contests his career offender sentence, United States Sentencing Commission, Guidelines Manual, Sec. 4B1.1 (Nov. 1991), alleging that the district court erred in refusing to entertain his challenge to the constitutional validity of the two prior state convictions which made him a career offender. We affirm.
 
 
 2
 In 1984, Jackson entered separate guilty pleas in Florida to burglary and to possession of a controlled substance with intent to distribute. The brief state records of those pleas do not disclose whether Jackson was advised, before pleading guilty, of the constitutional rights he would waive through his plea. During the current sentencing proceeding, Jackson objected to the consideration of either prior conviction, proffering that he could not remember whether or not he was advised of his rights before pleading guilty. The district court decided that application note 6 to guideline section 4B1.2, as amended in 1990,* required that the Florida convictions be counted because they had not been previously ruled constitutionally invalid, and because the evidence offered by Jackson was insufficient to call the facially valid judgments into question.
 
 
 3
 Jackson contends on appeal that the court retained the discretion to entertain his constitutional challenge to the validity of the 1984 convictions under section 4A1.2, comment. (backg'd), which provides: "The Commission leaves for court determination the issue of whether a defendant may collaterally attack at sentencing a prior conviction." However, this Court has recently decided that under section 4A1.2 and its commentary a sentencing court must count a prior conviction which has never been ruled invalid unless the Constitution or a federal statute requires that it entertain a challenge to the conviction. United States v. Byrd, F.2d, No. 92-5623, slip op. at 6-7 (4th Cir. 1993). This Court also held, in Byrd, that there is no constitutional right to attack, for the first time, the voluntariness of a counseled state guilty plea in a later federal sentencing proceeding. Id., slip op. at 8. Therefore, the district court was correct in refusing to allow Jackson to challenge the validity of his prior convictions on that ground.
 
 
 4
 Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Jackson's offense of conviction occurred on November 22, 1991. He was sentenced on September 17, 1992. The 1990 amendment to guideline section 4A1.2 thus applied in his case